IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DENNIS J. HARLOW,**

    **Plaintiff,**

**v.**                                                     **Civil Action No. 3:05CV133**
                                                       **(STAMP)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 15), dated January 4, 2007, to which neither party filed objections. Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived.

See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

It is the opinion of the Court that the Magistrate Judge's Report and Recommendation (Doc. 15) should be, and is, **ORDERED ADOPTED**.

As contained in his motion Motion for Summary Judgement (Doc. 10), plaintiff advances two errors in the proceedings below. First, plaintiff asserts that the Administrative Law Judge (ALJ) erred by failing to properly consider plaintiff's mental impairments. Second, plaintiff contends that the ALJ erred by failing to properly weight evidence regarding plaintiff's manipulative limitations.

In regard to the mental impairment evaluation, claimant argues that the ALJ failed to consider his depression, his possible learning disability, and his anxiety disorder. The law is well settled that in order to obtain disability benefits the claimant must show a "medically determinable" impairment. 42 U.S.C. § 423(d)(1)(A); Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Furthermore, subjective allegations of symptoms, without more, are insufficient to establish a medically determinable impairment. Craig v. Charter, 76 F.3d 585, 592 (4th Cir. 1996). After a claimant produces sufficient evidence establishing a medically determinable impairment, the ALJ must determine "the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such

severity." 42 U.S.C. § 423(d)(2)(B).

As an initial matter, it should be noted that the claimant has failed to establish a medically determinable impairment with regard to his claims of depression and possible learning impairment. In support of those claims, plaintiff merely proffers his own subjective statements, which as indicated above are insufficient to establish a medically determinable impairment. However, as noted by the Magistrate Judge, objective medical evidence in the record does establish plaintiff's anxiety disorder as a medically determinable impairment. Specifically, plaintiff was both diagnosed with anxiety disorder by Dr. Humphrey and prescribed Xanax as treatment. In light of the above, it is clear that the ALJ should have considered plaintiff's anxiety disorder as required. As such, this Court agrees with the recommendation of the Magistrate Judge, that the case should be remanded to allow the ALJ to consider the effects, if any, of plaintiff's anxiety disorder in combination with his other impairments.

Regarding the manipulative limitation inquiry, the claimant contends that the ALJ erred by not affording controlling weight to the opinion of Dr. Humphrey, the plaintiff's treating physician. In order for a treating physician's opinion to be afforded controlling weight it must be (1) well supported by medically accepted clinical and diagnostic techniques and (2) not inconsistent with substantial evidence in the record. 20 C.F.R. § 416.972(d)(2). Under the Social Security Act, an impairment must be evidenced by

medically accepted clinical or laboratory diagnostic techniques to be found adequately supported by medical evidence. 42 U.S.C. §§ 423(d)(1),(3); 20 C.F.R. § 404.1508; Throckmorton v. Dep't of Health and Human Servs., 932 F.2d 295, 297 n.1 (4th Cir. 1990).

Turning to the case at bar, the treating physician found that claimant suffered from manipulative limitations corresponding to an inability to perform fine or gross coordination. (Tr. 157, 158.) In contrast, the ALJ found that the treating physician's opinion was not supported by substantial evidence, and as such, was not afforded controlling weight. (Tr. 19.) After review of the record, the Court again agrees with the determination of the Magistrate Judge, that the ALJ did not afford proper consideration to the opinion of Dr. Humphrey. This is evident when one considers that the ALJ only mentioned Dr. Humphrey's opinion for one sentence. (See Tr. 19.). Though the ALJ is not required to credit the determination of a treating physician in the face of other persuasive evidence, Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001), it is clear that the ALJ failed to afford Dr. Humphrey's opinion appropriate consideration. See Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005).

In light of the foregoing, it is hereby **ORDERED** as follows:

1. That the **Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 15)** is **ADOPTED**;

2. That the **Plaintiff's Motion for Summary Judgment (Doc. 10)** is **GRANTED** and the case is **REMANDED** to the

Commissioner to consider the effect, if any, of plaintiff's anxiety disorder upon his other impairments. **ON REMAND**, the Commissioner shall also determine the proper weight to afford to the opinion of the Dr. Humphrey, the claimant's treating physician;

3. That the **Defendant's Motion for Summary Judgment (Doc. 11)** is **DENIED**; and

4. That this case is **DISMISSED WITH PREJUDICE and STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this ORDER to all counsel of record.

DATED this 20th day of February 2007

           /s/ Frederick P. Stamp, Jr.
           FREDERICK P. STAMP, JR.
           UNITED STATES DISTRICT JUDGE